UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROGER LEE WALKER,

    Plaintiff,

    v.

FORMER SHERIFF GLENN E. DYER, et al.,

    Defendants.

Case No. 16-cv-04988-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff, who is currently in custody at the Coalinga State Hospital, is a civil detainee under California's "Sexually Violent Predators Act," California Welfare & Institutions Code § 6600 et seq. In 2014 and 2016, Plaintiff was housed at the Santa Rita Jail for a "period of several months while awaiting court proceedings." Dkt. 1 at 3. Plaintiff has filed this *pro se* civil rights complaint alleging that his constitutional rights were violated by former Sheriff Glenn E. Dyer[1] and several unnamed deputies who worked at "Unit 3" at Santa Rita Jail ("SRJ") during his incarceration there on unspecified dates in 2014 and 2016. Plaintiff claims that he was "placed in administrative segregation each time and treated harshly and punitively for no other reason that being a civil detainee under the 6600 law." *Id.*

Plaintiff's complaint is now before the Court for review pursuant to 28 U.S.C. §1915, along with his motion for leave to proceed *in forma pauperis*, which will be granted in a separate Order. Plaintiff seeks monetary damages as well as injunctive relief.

Venue is proper because the events giving rise to Plaintiff's claims are alleged to have occurred at SRJ, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

For the reasons set forth below, the Court DISMISSES the complaint with leave to amend to correct certain deficiencies addressed below.

---

[1] The Court notes that the former Sheriff Dyer passed away in 1999, and the current Alameda County Sheriff is Gregory J. Ahern.

## II.  DISCUSSION

### A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633; *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. *See Paul v. Davis*, 424 U.S. 693, 697 (1976).

Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976); *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir. 1979). A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### B. Legal Claims

As mentioned above, Plaintiff is a civil detainee who is no longer housed at SRJ. He complains of constitutional violations that stem from his incarceration at SRJ during unknown dates in 2014 and 2016. In his one-paragraph "Statement of Claim" section, Plaintiff alleges that he was "placed in administrative segregation each time and treated harshly and punitively for no other reason that being a civil detainee under the 6600 law." Dkt. 1 at 3. While Plaintiff names former Sheriff Dyer, the Court notes above that this individual passed away in 1999. Moreover, Plaintiff provides insufficient facts, *e.g.*, name of the deputies as well as specific dates of the alleged negative treatment to support these vague and general allegations. Accordingly, this Court has no choice but to dismiss the complaint with leave to amend.

Plaintiff's pleading is too short on facts for the Court to determine whether any of his constitutional rights may have been violated. Plaintiff will be given leave to amend so that he may attempt to allege facts showing how his constitutional rights have been violated. Also, for each instance of a constitutional violation, he should name each person who violated his constitutional rights, describe what each person did to violate his rights, state where the violation occurred, and *when* certain violations occurred, i.e., indicate the exact dates of the alleged negative treatment in administrative segregation. In his amended complaint, Plaintiff must provide a more detailed description of his claims in order for the Court to determine whether enough is alleged to find the pleading adequate to state a claim for relief and require a response from Defendants.

Accordingly, the Court finds that the Plaintiff's allegations fail to state a claim, and this complaint will be dismissed with leave to amend to give him an opportunity to cure the aforementioned deficiencies.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above, within **twenty-eight (28) days** of the date this Order is filed. The amended complaint must include the caption and civil case number used in this Order (C 16-4988 YGR (PR)) and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the prior pleadings, Plaintiff may not incorporate material from the prior pleadings by reference but must include in the amended complaint all the claims and allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). **Failure to amend within the designated time and in accordance with this Order will result in the dismissal of this action.**

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

3. The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along with his copy of this Order.

IT IS SO ORDERED.

Dated: January 11, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge